PUNCH ET AL. *v.* CLAYTON ET AL.

*Wills — Devise in trust — Disposition of residue — Death of residuary legatee — Balance passes under will, when — Testate and intestate property.*

A testatrix, after providing for certain specific legacies, devised the undivided one-half of the residue of her estate to her son H, absolutely, and the other to him in trust for her other son W, to be paid by H to W in installments and in case of the death of W before the entire one-half in trust had been paid to him the balance was to go to H. The death of H preceded that of W. *Held:* The testatrix died testate as to all her property, and the balance remaining in trust upon the death of W passed to the estate of H, and did not pass to the next of kin of testatrix as intestate property under the statutes of descent and distribution.

(Decided April 8, 1918.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Chas. H. Hoffmeister* and *Mr. C. Tatgenhorst, Jr.,* for plaintiffs in error.

*Messrs. Hicks & Hicks.* for defendants in error.

HAMILTON, J.   This cause of action was to obtain a construction of the will of Caroline Campbell, deceased.   The case is brought in this court on a petition in error to the rulings and judgment of the court of common pleas of Hamilton county. The case was by agreement tried on the pleadings, and is submitted to this court on the record so made.

The material facts involved in the case are that Caroline Campbell died on the 29th of October, 1905, leaving a will which was duly admitted to probate in the probate court of said county on December 18, 1905.   After the settlement of her estate there remained two lots of a probable value of $8,000.   She left surviving her two sons, Harry Worth and William Worth, and four grandchildren, children of a deceased daughter, which grandchildren are plaintiffs in error in this proceeding.

Harry Worth died May 29, 1914, leaving a will devising all his property to his wife, India W. Worth, one of the defendants in error, and William Worth died July 2, 1916.

Plaintiffs in error contend that because of the death of Harry Worth before the death of William Worth, the devise over to Harry Worth, under the will of said Caroline Campbell, lapsed, and this undivided one-half became intestate property and passed to them by descent from Caroline Campbell.

Defendant in error, India W. Worth, contends that the interest in the undivided one-half on which a trust for the benefit of William Worth was engrafted did not lapse, but passed under the will of

Harry Worth to the said India W. Worth, his surviving widow.

The questions involve a construction of Items IV and V of the will of said executrix, Caroline Campbell, which items are as follows:

"Item IV. All the rest and residue of my estate, real, personal and mixed, I give, devise and bequeath as follows: One-half to my son, Harry Worth, absolutely. The remaining one-half I give, devise and bequeath to my son, Harry Worth, in trust, however, for the following purposes, to-wit:

"Said trustee shall pay to my son, William Worth, the sum of $3.00 per week until the whole amount so devised to said trustee, with the exception of $200.00, shall have been paid to my said son, William Worth, said $200.00 are to be held invested and used by said trustee for the purpose of defraying the funeral expenses of my said son, William Worth.

"Item V. Should my son, William Worth, die before he shall have received the whole amount directed to be paid to him by said trustee under Item IV of this will, then, and in that event, I direct that the balance remaining in the hands of said trustee, with the exception of the Two Hundred ($200.00) Dollars above directed to be used to pay the funeral expenses of my said son, William Worth, be paid to my son, Harry Worth, absolutely."

It is urged by defendants in error, Edmond T. Clayton, as trustee, and India W. Worth, surviving widow of Harry Worth and sole beneficiary under his will, that the devise of the estate was to Harry

Worth, charged with the payments to William Worth as provided in said Items IV and V.

Plaintiffs in error urge that the devise was to William Worth, with the remainder to Harry Worth after the death of William, and that Harry having died two years prior to the death of William, said testatrix died intestate as to that part of the estate and that the same would pass under the statute of descent and distribution to plaintiffs in error, who are next of kin to said testatrix.

It is a well-settled rule of law that where a person dies testate he is presumed to have intended to dispose of his whole estate unless the contrary clearly appears from the will. Further, the law favors the vesting of estates, and this proposition is tersely put in the case of *Bolton* v. *Bank,* 50 Ohio St., 290, where the court says, at page 293:

"It is the settled rule of this court to construe all devises and bequests as vesting in the devisee or legatee at the death of the testator, unless the intention of the testator to postpone the vesting to some future time is clearly indicated in the will."

In the construction of a will the question is the intention of the testator, and the duty of the court is to ascertain and carry out that intention. Applying these rules of law to this case, What was the intention of Caroline Campbell as shown by the will? Nothing appears in the will to indicate that she did not intend to dispose of her whole estate. No question can be made but that testatrix parted with her entire estate by this will. After certain specific legacies she proceeds by Items IV and V to dispose of the residue to her two sons: an undivided one-half in fee to Harry Worth, and the other un-

divided one-half to Harry Worth charged with a trust for the benefit of William Worth. It is therefore clear that the intention of the testatrix was to vest the residuum of her estate in these two sons upon her death, and, having disposed of the fee in the undivided one-half to her son, Harry Worth, it must have been her intention upon the termination of the trust in the remaining undivided one-half by the death of William Worth that whatever remained of that one-half of the residue belonged to the estate of Harry Worth, and passed as such under his will.

This is the construction placed upon the will by the common pleas court, and we see no error in that construction, nor in the instructions given the trustee by that court, and the judgment is affirmed.

*Judgment affirmed.*

JONES, P. J., concurs.